UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY MARTINEZ,<br><br>        Plaintiff,<br><br>      v.<br><br>JAIMEZ, et al.,<br><br>        Defendants. | Case No.  26-cv-00335-RFL<br>             26-cv-00393-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND RELATING AND CONSOLIDATING CASES** |

Daniel Ray Martinez a state prisoner at Salinas Valley State Prison, proceeding *pro se*, filed two civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed *in forma pauperis*.  The complaints are now before the Court for review pursuant to 28 U.S.C. § 1915A(a).  The complaints are DISMISSED with leave to file one amended complaint on or before **March 10, 2026**.  Failure to file a proper amended complaint by that date, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.  These cases are related and will be consolidated into the instant case, 26-cv-0335 RFL.  Plaintiff should bring all the claims in an amended complaint in 26-cv-0335 RFL.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss

1

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Allegations**

In *Martinez v. Clark,* Case No. 26-cv-0393 RFL, Plaintiff alleges as follows: On March 15, 2025, he was shot in the hand with a non-lethal round. (Dkt. No. 1 at 2.) An X-ray indicated that his fourth finger was broken, and he received five sutures. (*Id.*) Plaintiff repeatedly requested pain medication for the serious pain and a referral to an orthopedic doctor. (*Id*. at 3) His requests were ignored, and he did not see an orthopedic doctor until July 22, 2025, who performed surgery on Plaintiff's hand two days later. (*Id.*) The surgery required that his finger be rebroken, scraping of healed cartilage, and the insertion of two pins. The delay in the surgery caused these extra measures during the procedure and resulted in Plaintiff suffering permanent damage to his hand. (*Id.*)

In this case, Plaintiff alleges as follows: On May 23, 2025, he was being visited by his

wife when Correctional Officer Jaimez made intimidating gestures toward his wife and spoke to her in an unprofessional manner.  (Dkt. No. 1 at 2-3.)  Plaintiff told Jaimez not to speak to his wife in that manner, and Jaimez became hostile.  (*Id*. at 3.)  He attacked Plaintiff, grabbing his hand that was injured and broken as discussed above and exacerbated the injury.  The sutures were torn, the bone was damaged, and Plaintiff underwent emergency surgery, as discussed above.  (*Id*.)

**C.      Analysis**

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id*. (citing *Wilson*, 501 U.S. at 297).  When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle*, 429 U.S. at 104).  In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that prison staff knew of the seriousness of those needs and chose a path that was both "medically unacceptable under the circumstances" and in "conscious disregard of an excessive risk to [plaintiff's] health."  *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir.

2004).

While Plaintiff brought these allegations in two separate cases, they will continue in this earlier filed case.  Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience.  "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States District Court for the Central District of California*, 877 F.2d 777 (9th Cir.1989).  Here, the assault by Jaimez and the further injury to Plaintiff's hand involve the same common questions of law and fact and is directly related to the medical care Plaintiff received for his hand before and after the assault.

With respect to the allegations of excessive force, Plaintiff states a claim against Jaimez. With respect to the medical care claim, Plaintiff identifies three Defendants but does not describe their specific actions.  While he has sufficiently alleged that medical staff were deliberately indifferent to his serious medical needs, he must describe how each individual denied him proper care.  He identifies one doctor, but it is not clear if this is the doctor who performed the surgery or if it is a doctor at the prison.  If it is the doctor who performed the surgery, Plaintiff must describe how the surgery violated his rights.  The complaint is dismissed with leave to amend to address these deficiencies.  In an amended complaint, Plaintiff must present all the allegations from both cases and repeat the allegations against Jaimez.

## CONCLUSION

*Martinez v. Clark,* Case No. 26-cv-0393 RFL is deemed related to this action and will be consolidated with this matter under case number 26-cv-0335 RFL.  Case No. 26-cv-0393 RFL shall be closed, and all future filings shall be filed in this case.  The complaint is DISMISSED with leave to file an amended complaint on or before **March 10, 2026**.  The amended complaint must include the caption and civil case number used in this order (26-0335 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  The first amended complaint must also appear on this Court's form, a copy of which will be sent to him.  Because an amended

4

complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 4, 2026

_____
RITA F. LIN
United States District Judge